————o————

J. W. JENKINS, Respondent, *vs.* E .D. HILL, *et al.*, Appellants.

1. *Venue, change of—Time of filing application for.*—Where a defendant in an action fails to file an answer in the time required py the statute, and on a subsequent day of the term when the case is called for hearing, presents a petition for a change of the venue without filing or offering to file any answer, or giving any excuse for his failure so to do, or otherwise showing that he has any defense to the action, the petition for a change of the venue is properly overruled. (Wagn. Stat., 1355, §§ 2, 3.)

*Appeal from Jasper County Court of Common Pleas.*

*E. Y. Mitchell*, for Appellants.

I. The application for the change of venue was in strict compliance with statute, and the court had no discretionary power in the premises, but was legally bound to grant the prayer of appellants for the change of venue. (Freleigh vs. State, 8 Mo., 606 ; Wagn. Stat., p. 1355, Ch. 142, §§ 2, 3.)

II. The rule of the Circuit Court is an abortive effort by the court below to legislate, and is not sanctioned by reason or law. (See Wagn. Stat., *supra*; Calhoun vs. Crawford, 50 Mo., 458, 461.)

III. The court should have changed the venue and ought to have sustained appellant's motion to set aside, etc. (Bailey vs. Kimbrough, 37 Mo., 182–4 ; State, *ex rel.*, Duncan vs. Price, 38 Mo., 382 ; Gale vs. Michie, 47 Mo., 326 ; §§ 1, 2, 3 Wagn. Stat., Ch. 142.)

*Nathan Bray*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was founded on a promissory note alleged to have been executed by the defendants to the plaintiff for the payment of three hundred and thirty-three dollars. The petition was in the usual form, and the summons made returnable to the November term of the Greene Circuit Court, which was to commence on the first Monday in November, 1871. The defendants were duly served more than fifteen days before the first day of the term.

On the first day of the term the judge of the court not being able to be present to hold the court, he, in pursuance of the statute (Wagn. Stat., p. 421, § 23), notified the sheriff of the county to adjourn said court until the second Monday in November, 1871, which was accordingly done. On said second Monday of November, 1871, the court was convened in the usual way, the same being the 13th day of said month, when the court made the following order of record, to-wit :

"Ordered by the court, that the time of pleading be extended until the sixth day, except in all cases which may be called for trial before the sixth day." This case was set for hearing on the first day of the term, on the docket as made out by the clerk of the court.

The defendant, Williamson, made no appearance. The defendant, Hill, on the third day of the adjourned term appeared and filed his application and affidavit for a change of the venue of the cause, setting forth as cause for said change, "that the inhabitants of said county of Greene are so prejudiced against him, that he cannot have a fair and impartial trial of said cause in said county."

Jenkins v. Hill, et al.

This petition was verified by the affidavit of said Hill, in which he states that the facts stated in the petition are true, and that the inhabitants of Greene County were so prejudiced against him that he could not have a fair and impartial trial of said cause in said county.

On the fourth day of said adjourned term the cause came on to be heard, when the defendant presented his said petition for a change of venue to the court, and the plaintiff objected to the granting of said petition by the court for the reasons; "First—That the petition and affidavit were not filed on or before the day for which said cause was set for trial, as required by the rules of the court; Second—That the grounds of belief of the affiant are not set forth in the petition or affidavit as required by the rules of the court. The rules of court referred to, provide that an application for a change of venue must be made at least as early as the day on which the case is set for trial, and that the petition shall set forth the facts with grounds of the belief as to the facts on which the application is founded supported by the affidavit of the party.

No question was made as to the plaintiffs having proper notice of the petition or motion for a change of venue. The court overruled the defendant's motion for that purpose. The defendant, Hill, excepted to the ruling of the court and refused to answer or take any further action in the case in said court. The court rendered a judgment against the defendant for the amount of the note sued on with interest. This final judgment does not appear in the record, but the parties in this court agree by stipulation in writing that the judgment was rendered, and that it is to be considered as a part of the record.

The said defendant, in due time, filed his motion to set aside the judgment and grant him a new trial. This motion being overruled by the court, he again excepted and appealed to this court.

It is insisted in this court, by the defendant, that his application for a change of venue was made in conformity

to the statute, and that the rule of court requiring parties applying for a change of venue to state the grounds of their belief, as to the facts required to be stated in the petition, is in conflict with the statute and void.

It is further insisted, by the defendant, that his application was made in proper time; that the court had extended the time of answering in the case so that he was not bound to answer until the calling of the case, and that at the time his motion was filed for change of venue, he was in no default, and that it was therefore the duty of the court to have changed the venue in the cause, and having failed to do so, the judgment should be reversed.

It is not necessary that we should decide on the validity of the rules of the court referred to in this case in order to dispose of the case.   By an examination of the order made by the court extending the time of pleading, it will be seen that that order could not affect this case.   The order provides that the time of pleading was to be extended to the sixth day, except in cases which might be called for trial before the sixth day.  In all cases triable before the sixth day, the time was not extended.   They were excepted from the order of the court and, of course, must be proceeded with under the statute.   It was the plain duty of the defendant, if he had any defense to the action, to have filed his answer to the petition on the second day of the term. This he failed to do ; but on the third day of the term filed a motion or a petition to change the venue in the cause.   He makes no excuse to the court for failing to answer, asks no leave to answer, expresses no intention to answer, nor avers that he has any meritorious defense, or any defense to the action.   I cannot believe that the legislature, in providing that a defendant must file his application to change the venue in a cause before or at the time of filing his answer, ever intended that he could stand by and file no answer until the time for filing had expired and the plaintiff was entitled to a judgment by default, and then come in, and without offering to answer, or otherwise showing that he has any defense to the action, have the venue of the case changed, and thus de-

lay a plaintiff, who is at the time entitled to a judgment by default. In this case it is not stated in the motion for a new trial or elsewhere, that the defendant has any defense to the action, or that he ever proposes to file any answer.

I think that the legislature, by requiring the motion for a change of venue to be filed on or before the filing of defendant's answer to the merits, intended that it should be filed promptly before or at the time the answer is required to be filed by the statute, and not after he has failed to answer, so that the plaintiff is entitled to a judgment by default. At least in such case, he would be required to show some excuse for not answering in time, and to show that he had some meritorious defense which he proposed to set up. Otherwise there would be nothing to try after the venue had been changed.

The judgment will be affirmed; the other judges concur.